**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SHENZHEN KEAN SILICONE PRODUCT CO., LTD, <br><br> Plaintiff, <br><br> v. <br><br> GROUP VERTICAL, LLC <br><br> Defendants. | Civil Action No. 1:23-cv-14342 <br><br> JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT**

Plaintiff Shenzhen Kean Silicone Product Co., Ltd. ("Kean," or "Plaintiff") hereby brings this design patent infringement action against Group Vertical, LLC ("Group Vertical," or "Defendant") and alleged as follows:

**INTRODUCTION**

1.  This action has been filed by Plaintiff to combat online infringers who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale unauthorized and unlicensed products, namely the silicone squeeze ball, or "POP IT FIDGET BALL TOY", shown below, that infringe Plaintiff's design covered by U.S. Design Patent No. D975,787 (the "D'787 Patent"). *See* Ex. 1. The Defendant creates the Defendant Internet Stores on Amazon and designs them to appear to be selling genuine products, while actually selling Infringing Products to unknowing consumers. Plaintiff is forced to file this action to combat Defendant's infringement of its patented design, as well as to protect unknowing consumers from purchasing Infringing Products over the Internet. Plaintiff has been and continues to be irreparably damaged from the loss of its lawful patent rights to exclude

1

others from making, using, selling, offering for sale, and importing its patented design as a result of Defendant's actions and seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

2.  This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c)(3) as Defendant directly targets business activities toward consumers in the United States, including Illinois, through its fully interactive online store on Amazon.com. Specifically, Defendant reaches out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores on Amazon.com through which Illinois residents can purchase products featuring Plaintiff's patented design; and, on information and belief, Defendant has sold products featuring Plaintiff's patented design to residents of Illinois. Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## THE PARTIES

**Plaintiff Kean**

4.  Plaintiff Kean is a manufacturer of products based in the People's Republic of China. Plaintiff is the owner of the D'787 Patent, a true and correct copy of which is attached hereto as Exhibit 1 (the "Patent").

5.  Plaintiff practices the Patent by offering for sale its "POP IT BALL" via online retailers such as Amazon.com. Plaintiff has established its product as the first to market and has an established good reputation and quality reviews.



**Plaintiff's POP IT BALL**, available at
https://www.keansilicone.com/Baby_Teething_Toys/pop_it_ball_2275.html.

6.  Plaintiff's POP IT BALL has been well received by customers.

7.  Plaintiff filed the patent application in September 2021, which was duly issued on
January 17, 2023 as the D'787 Patent.

8.  Plaintiff has not granted a license or any other form of permission to Defendant with
respect to the patent design or the Patent.

**The Defendant**

9.  Defendant is headquartered at 678 Front Ave. NW, Ste. 135, Grand Rapids, MI 49504.
Defendant targets the United States, including Illinois, and has offered to sell, and, on
information and belief, has sold and continues to sell Infringing Products to consumers within the
United States, including the State of Illinois.

10.  Plaintiff has not licensed or authorized Defendant to use the invention claimed in the
Patent, and Defendant is not an authorized retailer of Plaintiff's Products.

11. Defendant, without any authorization or license from Plaintiff, has knowingly and
willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use

3

products that infringe directly and/or indirectly the Patent, and continues to do so via the Defendant Internet Stores. Each Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Illinois.

12. Defendant's infringement of the Patent in the offering to sell and selling of the Infringing Products was willful. Defendant explicitly markets its fidget toy, which is virtually identical to the claimed design, as a "**Pop It** Fidget **Ball** Toy," just like Kean's **POP IT BALL**. This cannot be a coincidence.

13. Defendant's infringement of the Patent in connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products into Illinois, is irreparably harming Plaintiff.

## COUNT I

## INFRINGEMENT OF UNITED STATES DESIGN PATENT (35 U.S.C. § 271)

14. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

15. Defendant offers for sale, sell, and/or import into the United States for subsequent resale or use Infringing Products that infringe directly and/or indirectly the ornamental design claimed in the Patent, as shown below:

4

| Group Vertical's "Pop It Fidget Ball Toy" | D'787 Patented Design |
|---|---|
| **Pop It Fidget Ball Toys** <br> *For Adults and Kids* <br><br> <br><br> **Group Vertical "Pop It Fidget Ball Toy"**, available at https://groupvertical.com/collections/other/products/12-pack-pop-it-ball-fidget-toys-popper-fidget-ball-toy-stretchy-balls-fingertip-toy-for-kids-and-adults | <br><br> **D'787 Patent, Figure 1** |

### Pop It Fidget Ball Toys
*For Adults and Kids*



**Group Vertical's "Pop It Fidget Ball Toy"**



**Kean's Marketed Fidget "Pop It Ball,"** available at https://www.keansilicone.com/Baby_Teething_Toys/pop_it_ball_2275.html



**Group Vertical's Virtual Storefront on Amazon,**
*available at* https://www.amazon.com/Easter-Gifts-Pop-Fidget-Ball/dp/B09VLGP3KT/ref=sr_1_3?crid=2TLO6Y5MVT8ZL&keywords=group%2Bvertical%2Bfidget%2Bball%2Btoy&qid=1696008377&sprefix=group%2Bvertical%2Bfidget%2Bball%2Btoy%2Caps%2C106&sr=8-3&th=1.

16. Defendant has infringed the Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

17. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

1) That Defendant, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a.    offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the design claimed in the Patented Design;

    b.    aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Patented Design; and

    c.    effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendant and those with notice of the injunction, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart.com, and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

    a.    disable and cease providing services being used by Defendant, currently or in the future, to engage in the sale of goods that infringe the Patented Design;

    b.    disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of infringing goods using the Patented Design; and

     c.     take all steps necessary to prevent links to the Defendant Internet Stores from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

3)    That Plaintiff be awarded such damages as it shall prove at trial against Defendant that are adequate to compensate Plaintiff for infringement of the Patented Design, and all of the profits realized by Defendants, or others acting in concert or participation with Defendant, from Defendant's unauthorized use and infringement of the Patented Design;

4)    That Plaintiff be awarded from Defendant, as a result of Defendant's use and infringement of the Patented Design, three times Plaintiff's therefrom and three times Defendant's profits therefrom, after an accounting, pursuant to 35 USC § 284;

5)    That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6)    Award any and all other relief that this Court deems just and proper.

DATED October 1, 2023.                     Respectfully submitted,

By: /s/ Pete Wolfgram
Pete Wolfgram
Stratum Law LLC
2424 E. York St. Ste. 223
Philadelphia, PA, 19125